**FUNERAL FINANCIAL SYSTEMS, LTD., an Illinois corporation,**
**Plaintiff,**

v.

**PACIFIC MUTUAL LIFE INSURANCE COMPANY,**
**Defendant.**

**No. 97 C 413.**

United States District Court,
N.D. Illinois,
Eastern Division.

April 9, 1999.

Timothy J. Forman, Forman & Miller, P.C., Chicago, IL, for plaintiff.

Daniel J. McMahon, Wilson, Elser, Moskowitz, Edeman & Dicker, LLP, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Funeral Financial Systems, Ltd. ["Funeral Financial"] sued Pacific Mutual Life Insurance Company ["Pacific Mutual"] for recovery of life insurance benefits under an employee welfare benefit plan. The case was dismissed on the merits, and Pacific Mutual now moves for attorney's fees and costs pursuant to the Employee Retirement Income Security Act ["ERISA"]. For the following reasons, the motion is granted.

### Background

Funeral Financial brought this action against Pacific Mutual to recover life insurance benefits under an employee welfare benefit plan, claiming that it was the assignee of a beneficiary of that plan. When Funeral Financial submitted its benefits claim to Pacific Mutual, Pacific Mutual had already paid the beneficiary all of the life insurance benefits to which she was entitled under the plan. Funeral Financial brought this lawsuit on an estoppel theory, relying solely on a telephone conversation between one of its employees and a Pacific Mutual representative. I found that, even assuming an estoppel claim could be brought under ERISA, such a claim could not be based on this telephone conversation. Therefore I dismissed Funeral Financial's claim on the merits on the day trial was to begin.[1] Pacific Mutual now moves for attorney's fees and costs.

### Attorney's Fees and Costs

■ Under ERISA, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Pacific Mutual is the prevailing party in this lawsuit. A prevailing party is entitled to attorney's fees under ERISA unless the losing party's position was substantially justified or an award would be unjust because of special circumstances. *Meredith v. Navistar Int'l Transp. Corp.*, 935 F.2d 124, 128 (7th Cir.1991). The bottom-line question is: "was the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent?" *Id.*

### Funeral Financial's Claim

■ Funeral Financial brought this lawsuit against Pacific Mutual on an estoppel theory. Assuming that a plaintiff may rely on an estoppel theory for a claim under ERISA, Funeral Financial had no basis for bringing such a claim. Estoppel occurs "when one party has made a misleading representation to another party and the other has reasonably relied to his detriment on that representation." *Black v. TIC Inv. Corp.*, 900 F.2d 112, 115 (7th Cir.1990). The sole basis for Funeral Financial's estoppel claim was a telephone conversation between Donna Melms, a Funeral Financial representative, and Wendy Smith, a customer service agent for Pacific Mutual. The conversation was transcribed. Ms. Smith informed Ms. Melms that there was a life claim on the person about whom Ms. Melms was calling, and asked her reason for calling. Ms. Melmes responded, "[i]t's already been verified, the amount and that. I just wanted to make sure we have the correct group number, and you gave me the employer number." (Tr. of August 16, 1994 telephone conver-

---

**1.** On that date plaintiff sought a continuance because its employee refused to testify without a subpoena. Upon being informed that the transcript of the conversation involving that employee was undisputed, and that Funeral Financial's claim relied entirely on this conversation, I concluded neither a continuance nor a trial was necessary because there were no disputed issues of fact and Pacific Mutual was entitled to judgment as a matter of law.

sation between Donna Melms and Wendy Smith). Ms. Smith then asked for the mailing address "that the check will be coming out of," and Ms. Melms gave her the address of the Group Life Department. (Tr. of August 16, 1994 telephone conversation between Donna Melms and Wendy Smith). Ms. Smith did not ask for verification, and Ms. Melms did not tell Ms. Smith that Funeral Financial would be receiving a check as the assignee.

Funeral Financial cannot possibly base an estoppel claim on this conversation, for Funeral Financial could not have reasonably relied on the conversation as a representation that it would be receiving an insurance payment from Pacific Mutual as an assignee of the beneficiary. Therefore, even assuming that such an ERISA claim can be brought on an estoppel theory, Funeral Financial's lawsuit was not substantially justified. Pacific Mutual is entitled to its attorney fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

*Reasonableness of Fees*

Funeral Financial argues that, even if attorney's fees and costs are appropriate, the amount requested by Pacific Mutual is unreasonable. According to Funeral Financial, Pacific Mutual should have resolved the case earlier, on a motion to dismiss or a summary judgment motion. Pacific Mutual responds that when it previously filed a motion to dismiss, Funeral Financial amended its complaint. This time, Pacific Mutual decided to answer the amended complaint rather than file another motion to dismiss. Pacific Mutual also decided after discovery that it was more cost efficient to resolve the matter in a very short trial than to brief a summary judgment motion. Funeral Financial does not cite any authority in support of its contention that Pacific Mutual was obligated to resolve the case on a motion, and I find that Pacific Mutual's actions were reasonable.

Funeral Financial next argues that it was unreasonable for Pacific Mutual to incur $10,000 in attorney fees and costs defending a $3,000 action. I disagree. *Cole v. Wodziak,* 169 F.3d 486 (7th Cir. 1999), holds that a plaintiff's fees should not disproportionate to actual recovery. But a defendant has the right to defend itself, so long as its defense is reasonable, even if the amount sought by a plaintiff is not greater than what a defense may cost. Pacific Mutual obtained a dismissal of Funeral Financial's entire lawsuit on the merits. Funeral Financial has no objections to the hourly rate, amount of hours, or specific cost items.

Funeral Financial further argues that the amount is unreasonable because, on the day the case was set for trial, Funeral Financial offered to dismiss the case in exchange for a waiver of attorney fees. As Funeral Financial concedes, however, Pacific Mutual previously attempted to negotiate a settlement on the estoppel claim.[2]

The estoppel claim brought by Funeral Financial was not substantially justified, and the fees and costs requested by Pacific Mutual are reasonable. As the prevailing party, Pacific Mutual may therefore recover its attorney's costs and fees pursuant to 29 U.S.C. § 1132(g)(1).

*Conclusion*

For the reasons discussed above, Pacific Mutual's motion for $10,294.95 in attorney's fees and costs is granted.

---

2. In addition, after the case was dismissed, Pacific Mutual offered to settle the attorney's fees and costs. Funeral Financial complains that Pacific Mutual did not provide it with adequate documentation pursuant to Local Rule 47, but Funeral Financial has not specified the documentation that it is missing. A letter attached to Funeral Financial's response indicates that Pacific Mutual provided Funeral Financial with hourly rates, invoices describing the type of work done on each task, affidavits, and citations. (August 4, 1998 letter from Rebecca M. Burkett to Mark D. Molay).